1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

11 DANIEL PHELPS,                                  No. 1: 14-cv-786-LJO-GSA

12             Plaintiff,

13     v.                                          **FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF THIS**
                                                   **ACTION FOR FAILURE TO OBEY A**
14 INGA BARKS,                                     **COURT ORDER**

15             Defendants.

16

17

18                                  **INTRODUCTION**

19          Plaintiff, Daniel Phelps ("Plaintiff"), is proceeding pro se and filed a complaint, along

20 with an application to proceed in forma pauperis. (Docs. 1 and 2). A review of the application

21 revealed that Plaintiff did not complete the application form properly. On June 10, 2014, this

22 Court issued an order requiring that no later than July 7, 2014, Plaintiff file and submit a

23 completed application to proceed in forma pauperis, or in the alternative, pay the $400.00 filing

24 fee. To date, Plaintiff has not complied with the Court's order.

25

26                                  **DISCUSSION**

27          Local Rule 11 110 provides that "a failure of counsel or of a party to comply with these

28

                                        1

Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g.,* *Ghazali v. Moran*, 46 F.3d 52, 53 54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440 41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprized of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).  In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260 61; *Malone*, 833 F.2d at 130; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423 24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because there is no indication that the Plaintiff intends to prosecute this action.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. *Anderson v. Air West,* 542 F.2d 522, 524

(9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132 33; *Henderson*, 779 F.2d at 1424.  The Court's order requiring Plaintiff to file a completed in forma pauperis application, or alternatively, to pay the filing fee, was clear that dismissal would result from non-compliance with the Court's order.

### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for Plaintiff's failure to comply with a court order.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B). Within **fourteen (14)** days after being served with a copy, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. ' 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   __**August 4, 2014**__                  _____/s/ **Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE

3